# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN B. OHLE, III, JOHN WAGNER, and | * | CIVIL ACTION NO.: |
| KENSINGTON CAPITAL ADVISORS, LLC | * | |
| Plaintiffs | * | SECTION " " |
| | * | |
| VS. | * | |
| | * | JUDGE |
| CHELSEY RICHARD NAPOLEON, | * | |
| IN HER CAPACITY AS | * | |
| CLERK OF COURT IN AND FOR THE | * | MAGISTRATE JUDGE |
| CIVIL DISTRICT COURT, | * | |
| PARISH OF ORLEANS, STATE OF LOUISIANA | * | |
| Defendant | * | |
| | * | |

**************************************************************************

## VERIFIED COMPLAINT - CLASS ACTION

NOW INTO COURT, through undersigned counsel, comes JOHN B. OHLE, III, a resident of the State of Illinois; JOHN WAGNER, a resident of the state of Illinois, and KENSINGTON CAPITAL ADVISORS, LLC, a Delaware limited liability company, whose members are all residents of the State of Illinois who on behalf of themselves and others similarly situated respectfully plead as follows:

### JURISDICTION

I.

This action arises under 42 U.S.C. §§ 1983 and 1988, as hereafter more fully appears, and this Court is vested with jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (declaratory judgment). Further, this Honorable Court has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1367.

II.

Venue is proper in this jurisdiction, pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the judicial district of this Honorable Court.

III.

This matter involves a challenge to the unlawful and unconstitutional charging of multiple filing fees by the Defendant.

**PLAINTIFFS**

IV.

Plaintiffs are civil litigants in the proceeding entitled *"Booth & Booth, APLC v. John Ohle, John Wagner, Kensington Capital Advisors, LLC, and Edgard Construction Materials, LLC"* bearing docket number 2019-11185 "C-10" of the Civil District Court, Parish of Orleans, State of Louisiana.

V.

Plaintiffs are adequate representatives of the class because they are civil litigants in the Civil District Court and have paid filing fees and been charged multiple filing fees by the Defendant, as detailed below.

**DEFENDANT**

VI.

Made Defendant is Chelsey Richard Napoleon, in her official capacity as Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, and her successor in office (hereinafter referred to as "The Clerk").

VII.

The Clerk is a political officer of Orleans Parish.

VIII.

The Clerk is a public official acting under color of state law and has the capacity to be sued and who is amenable to suit pursuant to 42 U.S.C. §§ 1983 and 1988.

IX.

The Clerk was responsible for the occurrences herein alleged and proximately caused the injuries and damages herein alleged.

**CLASS ACTION**

X.

Plaintiffs bring this action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated civil litigants.

XI.

The proposed class shall consist of the  following:

a.    Any and all civil litigants in Civil District Court for Orleans Parish from March 12, 2016 to present and who paid multiple court costs or will be cast to pay any multiple court costs accrued during those periods by the Clerk;

b.    Any and all civil litigants in Civil District Court for Orleans Parish from March 12, 2016 to present and who paid multiple court costs or will be cast to pay any multiple court costs accrued during those periods by the Clerk and as a result were denied access to the courts, namely Civil District Court;

c.      Any and all civil litigants in Civil District Court for Orleans Parish from March 12, 2016 to present and who paid multiple court costs or will be cast to pay any multiple court costs accrued during those periods by the Clerk, but were not provided notice consistent with Due Process requirements of the Fourteenth Amendment to the Constitution of the United States which requires that before a final deprivation of property there must be "notice" given that is reasonably calculated, under all the circumstances, to "apprise" interested parties.

d.      Excluded from the proposed class are 1) the presiding judge; 2) any other judge sitting in this matter for any purpose; 3) other court personnel connected in any way with this case; 4) the parents, siblings, children and grandchildren of the presiding judge and of any other judge sitting in this case; 5) the Clerk, her office, and its employees, contractors, consultants or attorneys; and 6) any law firms representing the Clerk, her employees, staff, and partners, members or shareholders.

## XII.

The class includes thousands of members, many of which are known and others that are unknown to the Plaintiffs but who can be readily identified by the Clerk.

## XIII.

The Clerk overcharged Plaintiffs and members of the class by charging multiple fees and/or denying access to the court, and failing to give either pre-deprivation or post-deprivation notice as required by the Due Process clause of the Fourteenth Amendment of United States Constitution.

XIV.

In light of the damages associated with the type of Due Process violation that occurred in this case, individual prosecution of this matter would be impractical.

XV.

There is a well-defined community of interest in the questions of law and fact affecting the class.

XVI.

There are common questions of law and fact affecting the rights of the members of this class who are, were, and continue to be, deprived of their property and equal access to the court, and denied adequate timely and meaningful notice required by the Due Process clause of the Fourteenth Amendment of United States Constitution. Those common questions are: (1) whether the Clerk has statutory authority to charge civil litigants the fees and other charges she customarily charges, (2) whether the fees and charges customarily charged by the Clerk constitute an unlawful tax, (3) whether the Clerk has authority to deny Plaintiffs and putative class members access to the courts for failing to pay multiple fees, (4) whether the Clerk provided adequate and meaningful notice of the multiple fees to the Plaintiffs and putative class members; (5) whether the notice, if any was provided by the Clerk, was "reasonably calculated, under all the circumstances, to apprise" the Plaintiffs and putative class members; and (6) the extent of nominal damages due to the Plaintiffs and putative class members. These common questions predominate over any questions affecting only individual members of this class.  A class action is a superior form of litigating these issues.

XVII.

The claims of all members of the class result from a similar course of conduct and practices by the Clerk, while acting under the statutory scheme which violated the civil rights of the class members, namely by overcharging multiple court fees, depriving class members of property and equal access to the courts, and failing to provide adequate, timely and proper due process notice to said class members relative to the pre-deprivation and post-deprivation of their property.

XVIII.

The claims of all members of the class share the same legal theory.

XIX.

The class size is estimated to be 5,000 members. The members of the class are so numerous that joinder of all members is impracticable in the prosecution of the common relief sought.

XX.

For the past several years, over 13,000 lawsuits have been filed each year which require responsive pleadings, including exceptions, to be filed by Plaintiffs and the other civil litigants which cases by law must be filed with the Clerk of Court.

XXI.

The Clerk has acted and refused to act on grounds generally applicable to the class. Under these circumstances, the common interests of the class are such that any interest of the individual members of the class is completely out-weighed by the desirability of concentrating the controversy in a single forum and a class action is superior to any other available method for the fair and efficient adjudication of this controversy.

XXII.

Plaintiffs are adequate representatives of the class and will fairly and fully prosecute this matter on behalf of themselves and other class members without partiality to any class members and have retained counsel who are experienced in complex and class action litigation.

XXIII.

The members of the class are likely to be geographically dispersed.

XXIV.

Plaintiffs are part of the class and possess the same interest and suffered the same injury as the class members.

XXV.

Plaintiff is willing and able to take an active role in the subject litigation and protect the interests of the members of the class, including the absentees.

XXVI.

The interests of this class are adequately represented by Plaintiffs.

XXVII.

The damages suffered by all members of the class can be calculated by an objective formula.

XXVIII.

A class action is superior to any other available method for the fair and efficient adjudication of the controversy.

XXIX.

There is no known litigation concerning the controversy already commenced by or against members of the class.

## STATEMENT OF THE CASE

XXX.

The Clerk is the chief policy making authority with regards to the policies in place for the charging and collection of fees in civil litigation and providing adequate notice of such fees. As such, the Clerk's actions are considered the actions of the political subdivision from which the Clerk derives her authority and/or for which she operates.

XXXI.

The authority of the Clerk to charge and collect fees from civil litigants is controlled by state statutory authority.

XXXII.

The amounts which the Clerk can charge civil litigants for fees in civil matters is regulated by state law, in particular La. R.S. 13:1213 and La. R.S. 13:1213.1.

XXXIII.

La. RS. 13:1213 sets forth the fees to be charged for functions performed by the Clerk. La. R.S. 13:1213.1 provides that the Clerk may charge those fees set by the Judges of Civil District Court sitting En Banc.

XXXIV.

The Clerk has an obligation to provide adequate notice of the property deprivation that results from the charging or assessing of fees is also subject to the requirements of due process. This notice is required at a meaningful time in order for the class members to have a meaningful opportunity to contest the assessed charges in the appropriate forum and in the appropriate manner.

XXXV.

Prior to the 2004 amendment to La. R.S. 13:750, litigants only had one year from the assessment of the charge to contest the charge and, after the amendment, litigants have only four years to do so, the time period to challenge the assessments will often pass prior to any notice of the amounts assessed or the methods, manners, or bases for the assessment or charges; thereby creating a heightened duty on the part of the Clerk to give timely and meaningful notice.

XXXVI.

The Clerk has, while acting under color of state law and under color of her authority as Clerk of Court, deprived Plaintiffs of property in the form of court fees and deprived Plaintiffs of equal access to court.

XXXVII.

During the period of the class, Plaintiffs and the other civil litigants have filed and have been required to file pleadings or other documents and pleadings in furtherance of their litigation in thousands of civil cases in the Civil District Court, which pleadings pursuant to Louisiana law must be filed with the Clerk.

XXXVIII.

At or about the time such pleadings and documents are filed, the Clerk unlawfully demanded the payment of and charged multiple fees for the filing of single documents, the payment of which is required to allow access to Civil District Court. If not paid, the Clerk refused to perform any further statutorily mandated functions unless class members paid such multiple fees to the Clerk and the failure to pay such deposits can lead to an unsuccessful outcome of the litigation. Accordingly, the payment by the Plaintiffs and class members of the multiple fees to the Clerk cannot be viewed as a voluntary payment.

XXXIX.

These unlawful multiple fees are commonly charged and collected by the Clerk from many civil litigants.

XL.

These fees are received by the Clerk in her official capacity.

XLI.

Despite the clear language of La. R.S. 13:1213 and La. R.S. 12:1213.1 and prior ruling against the Clerk's behavior, the Clerk, in her official capacity, has continued to systematically charge and collect from Plaintiffs and other civil litigants multiple fees for filing single documents not authorized and/or in excess of those which are lawful, and has converted those fees to the use of her office, and such actions have become the official policy and/or custom of her office. Such custom and policy has resulted in a loss of property to Plaintiffs and other civil litigants, namely their money.

XLII.

Through her custom and practice of imposing and collecting fees not authorized by statute or in excess of those allowed by statute, and converting those fees to the use of her office, the Clerk has usurped the legislative process which would, and has, determined the appropriate fees to be charged by the Clerk.

XLIII.

The Clerk, acting under color of state law as Clerk of Court of the Civil District Court, required Plaintiffs and putative class members to pay multiple fess for filing single documents and/or otherwise become liable for charges assessed by the Clerk without providing adequate Due Process notice of these assessments and the resulting deprivation of the Plaintiffs and putative class members property interests in the advanced deposits and other property interest they had.

XLIV.

The method by which the Clerk assessed these charges and treated the Plaintiffs and putative class members relative to notice was the same, as the charges and the lack of notice was conducted pursuant to the policies and customs of the Clerk's office in violation of law.

XLV.

Such policies and customs resulted in a loss of Plaintiffs' property and the property of other civil litigants, namely their money, without adequate and proper notice as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

XLVI.

At all times relevant to this complaint, the Clerk acted in clear and knowing violation of her obligations under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

XLVII.

The herein described actions of the Clerk constitute the arbitrary exercise of powers of government and a knowing abridgement of the due process rights of Plaintiffs and other class members.

XLVIII.

As a result of failure of the Clerk to provide adequate notice, Plaintiffs and other civil litigants were effectively denied any ability to contest or dispute these unlawful charges.

XLIX.

By way of example, the Clerk has charged the Plaintiffs unlawfully in the following non-exclusive particulars:

a.   On February 28, 2020, Plaintiffs filed Exceptions, a single filing, in the matter entitled *"Booth & Booth, APLC v. John Ohle, John Wagner, Kensington Capital Advisors, LLC, and Edgard Construction Materials, LLC"* bearing docket number 2019-11185 "C-10" of the Civil District Court, Parish of Orleans, State of Louisiana and paid a filing fee of $94.00.

b.   La R.S. 13:1213 and La. R.S. 13:1213.1 establish the maximum fees to be charged by the Clerk of Court of Civil District Court.  The statutes do not expressly authorize the charging of multiple filing fees based upon the number of

arguments contained in the filing.

c.     Pursuant to the Civil Filing Fee Schedule of the Clerk dated July 1, 2019, the filing

fee for exceptions is $94.00.  A copy of the notice of the Filing Fee Schedule is

attached hereto as Exhibit "A."

d.     On March 5, 2020, the Clerk sent correspondence to counsel for Plaintiffs stating

that Plaintiffs would be required to pay a separate filing fee for each exception

argument contained within the single filing.  The correspondence stated:

> This office is in receipt of the Exceptions referenced in the above-captioned matter filed
> February 28, 2020.  However, there is a balance due in the amount of **$282.00**.  The balance is as
> follows:

| | |
|---|---|
| Declinatory Exception of Insufficiency of Service of Process | $ 94.00 |
| Dilatory Exception of Want of Amicable Demand | $ 94.00 |
| Peremptory Exception of Nonjoinder of a Party | $ 94.00 |
| Peremptory Exception of No Cause of Action | $ 94.00 |
| **Total Due** | **$376.00** |
| Payment Received | $ 94.00 |
| **Balance Due** | **$282.00** |

A copy of the March 5, 2020 correspondence is attached hereto as Exhibit "B."

e.     On March 12, 2020, counsel for Plaintiffs sent correspondence to The Clerk

informing the Clerk that charging multiple filing fees is unlawful pursuant to

existing Louisiana law. *Adams v. Airco Welding Products Co.*, 98-0286

(La.App. 4 Cir. 7/21/99); 739 So.2d 375; *Bailey v. Borden, Inc.*, 99-1309

(La.App. 4 Cir. 12/15/99); 750 So.2d 289); and *Woodard v. Andrus*, 419 F.3d

348 (5th Cir. 7/28/05).

f.     On March 13, 2020, a representative of the Clerk contacted counsel for

Plaintiffs stating that the Exceptions filed by Plaintiffs would not be forwarded

by the Clerk to the presiding judge for signing and setting for hearing until the

balance of the multiple filing fees is paid.

g.    Counsel for Plaintiffs requested the Clerk's representative provide or cite an order permitting the charging of multiple fees for a single filing of exceptions.

h.    No prior notice or explanation for the multiple filing fees was provided by the Clerk to Plaintiffs' counsel, except the Clerk's representative stated that this is the way the Clerk has always charged such fees.  No lawful explanation can be given by the Clerk to support the multiple filing fees.

i.    On June 30, 2020, Motions for Preliminary Default were filed against Plaintiffs and the Clerk wrongfully certified that the Plaintiffs had not filed anything into the record, despite Plaintiffs' prior filing of the Exceptions and payment of the appropriate filing fee.

L.

In *Adams v. Airco Welding Products Co.*, 98-0286 (La.App. 4 Cir. 7/21/99) 739 So.2d 375, 376, the Clerk of Court for the Civil District Court sought to collect "additional filing fees based on the number of claims filed in each petition."   The Court of Appeal of Louisiana, Fourth Circuit clearly held:

> Contrary to the contentions of the Clerk of Court, neither the En Banc order, the Local Court Rules or the published fee schedule supports the imposition of a multiplier to compute the amount owed for filing an answer by a defendant in multi-party litigation. Although multiple claims may be contained within one lawsuit, **we fail to find any evidence of an express authorization for charging a separate answer fee for each claim asserted**. The Clerk's argument in this regard is without merit.

Id. at 378. [Emphasis added.]

LI.

In *Bailey v. Borden, Inc.*, 99-1309 (La. App. 4 Cir. 12/15/99), 750 So. 2d 289, 291, the Court of Appeal of Louisiana Fourth Circuit again chastised the Clerk for charging multiple filing fees, "**we find no legal authority for allowing the Clerk of Court to impose a multiplier** against the standard filing fee when the case involves a number of parties." [Emphasis added.]

LII.

Despite multiple court rulings prohibiting the Clerk's conduct, the Clerk continues to charge multiple filing fees in violation of Plaintiffs' due process rights and right of access to the courts.

## CAUSE OF ACTION: DECLARATORY JUDGMENT

LIII.

A controversy exists between Plaintiffs (and members of the putative class) and the Clerk regarding whether the Clerk was authorized to charge and collect multiple filing fees for the filing of single documents without notice.

LIV.

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiffs seek declaratory judgment that the Clerk's actions, policies, customs, practices and procedures complained of herein, namely charging multiple filing fees for filing single documents without notice, violated Plaintiffs' rights as secured by the United States Constitution and 42 U.S.C. §§ 1983.

## CAUSE OF ACTION: PERMANENT INJUNCTION

### LV.

Plaintiffs and members of the putative class have suffered and will continue to suffer from the Clerk's violation of Plaintiffs' rights as secured by the United States Constitution and 42 U.S.C. §§ 1983, namely the charging and collecting of multiple filing fees for the filing of single documents without notice, absent an order from this Honorable Court enjoining the Clerk from charging such multiple filing fees..

### LVI.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs seek a permanent injunction enjoining the Clerk and all those acting in concert with her at her direction, from engaging in any policy or practice which results in the charging of multiple court fees for the filing of a single document.

### LVII.

Further, Plaintiffs seek a permanent injunction enjoining the Clerk and all those acting in concert with her or at her direction from engaging in any policy or practice which resulted in assessing court costs without adequate Due Process notice.

## CAUSE OF ACTION: VIOLATION OF UNITED STATES CONSTITUTION 14TH AMENDMENT (28 U.S.C. § 1983)

### LVIII.

Section 1 of the 14th Amendment of the U.S. Constitution provides:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

LIX.

The Clerk, through her established custom and practice, charged Plaintiffs and members of the putative class for multiple filing fees for the filing of single documents without notice in the manner described above.

LX.

At or about the time a civil suit is answered the Clerk unlawfully demands multiple fees for the filing of a single responsive pleading. The Clerk refuses to perform her functions unless a civil litigant pays the multiple filing fees demanded by the Clerk, which amounts are unauthorized by or exceed those allowed by statute.

LXI.

Plaintiffs and other civil litigants cannot respond to the lawsuits filed against them without paying the unlawful fees charged by the Clerk.

LXII.

The actions of the Clerk complained of herein were neither negligent nor unexpected. Her actions were and remain the implementation of a policy that grossly deviates from the statute which authorizes her to charge and collect such fees.

LXIII.

When the unlawful fees and charges demanded by the Clerk are not paid by civil litigants, the Clerk customarily refuses to perform her statutory duties, including filing pleadings, until she receives such payment.

LXIV.

Neither Plaintiffs nor any other civil litigant was or is accorded an opportunity or procedure pursuant to state law or otherwise to contest or dispute these unlawful charges. This lack of remedy constitutes a deprivation of property without due process of law.

LXV.

Additional efforts made by counsel for Plaintiffs to be provided explanations for these unlawful charges has gone unheeded.

LXVI.

The Clerk charges to and collects from civil litigants different amounts for the same administrative function, thereby depriving litigants equal treatment and protection due to them by law and the Constitution of the United States.

LXVII.

As a result of the Clerk's custom and practice of charging and collecting multiple filing fees for the filing of single documents, the Clerk has deprive Plaintiffs and all members of the class of their property and right to access to the court.

LXVIII.

The Clerk's actions constitute the arbitrary exercise of powers of government and an abridgement of Plaintiffs' rights of due process.

LXIX.

At all times relevant to this complaint, the Clerk knew or should have known the fees charged Plaintiffs and other litigants were excessive, improper and unlawful.

LXX.

The Clerk's actions are in violation of the 14th Amendment of the United State Constitution.

LXXI.

The Clerk is liable to Plaintiffs and the members of the class for the return of all multiple filing fees paid by the class members.

LXXII.

As a result of the failure of the Clerk to provide the class members adequate notice of the filing of multiple fees, the Clerk is liable to Plaintiffs and the members of the class for nominal damages.

LXXIII.

In charging, collecting, and converting these fees to the use of her office, the Clerk breaches her fiduciary duty to Plaintiffs and other civil litigants.

## CAUSE OF ACTION: VIOLATION OF LOUISIANA CONSTITUTION ARTICLE II, SECTION 2

LXXIV.

Article II, Section 2of the Louisiana Constitution provides:

> Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.

LXXV.

The Clerk charged Plaintiffs and members of the putative class for multiple filing fees for the filing of single documents without notice.

LXXVI.

The Clerk has unlawfully usurped the legislative function of determining appropriate fees and establishing taxes.

LXXVII.

The Clerk's actions are in violation of Article II, Section 2 of the Louisiana Constitution.

LXXVIII.

As a result of the Clerk's usurpation of the legislative function, Plaintiffs seek damages reasonable in the premises and a permanent injunction enjoining the Clerk, and all those acting in concert with her or at her direction, from engaging in any policy or practice which results in the charging of multiple court fees for the filing of a single document and from engaging in any policy or practice which resulted in assessing court costs without adequate Due Process notice.

**<u>DAMAGES</u>**

LXXIX.

Plaintiffs and other civil litigants have been damaged to the extent they have been forced to pay multiple, excessive, unlawful and unnecessary court fees to gain access to the court.

LXXX.

Plaintiffs and other civil litigants have suffered nominal damages as a result of the violation of the Due Process notice rights.

LXXXI.

Plaintiffs seeks the reimbursement of multiple fees and charges.

LXXXII.

Plaintiff is entitled to attorney's fees, costs, and other litigation expenses pursuant to 42 U.S.C. § 1988.

LXXXIII.

All members of the class are entitled to the same relief as Plaintiffs.

LXXXIV.

The size of Plaintiffs' claim and the claim of each member of the class is likely to average less than $1,000.00 and, consequently, would not be economical to litigate individually.

LXXXV.

The information necessary to calculate damages is contained in the Clerk's records and does not require subjective considerations.

LXXXVI.

Any differences in amounts owed by the Clerk to civil litigants result from tangible, objective differences.

WHEREFORE, Plaintiffs respectfully pray:

a.    that the court certify the subject action as a class action consisting of the class as defined herein;

b.    that Plaintiffs be recognized as class representatives;

c.    that undersigned counsel be designated interim counsel to act on behalf of the putative class before determining whether to certify the subject action as a class action;

d.      that undersigned counsel be appointed class counsel and awarded attorneys' fees and nontaxable costs;

e.      that there be judgment in favor of Plaintiffs and all members of the class for all damages reasonable in the premises according to proof;

f.      for declaratory judgment that the Clerk's actions, policies, customs, practices and procedures complained of herein, namely charging multiple filing fees for filing single documents without notice, violated Plaintiffs' rights as secured by the United States Constitution and 42 U.S.C. § 1983;

g.      for permanent injunction enjoining the Clerk and all those acting in concert with her at her direction, from engaging in any policy or practice which results in the charging of multiple court fees for the filing of a single document;

h.      for permanent injunction enjoining the Clerk and all those acting in concert with her or at her direction from engaging in any policy or practice which resulted in assessing court costs without adequate Due Process notice;

i.      for order requiring the Clerk to make whole those persons adversely affected by the policies and practices described herein by reimbursing all filing fees and all other amounts charged unlawfully;

j.      for order requiring the Clerk to provide adequate notice to each class member of the individual amounts assessed as court costs during the class period;

k.      for retention of jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Clerk to file such reports as the court deems necessary to evaluate such compliance;

l.      awarding appropriate nominal damages for the Due Process violations proven herein;

m.      awarding attorney's fees, costs, and other litigation expenses pursuant to 42 U.S.C. §1988 and Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure; and

n.      for such additional relief as the court deems proper and just.

RESPECTFULLY SUBMITTED:

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

 /s/ Corey E. Dunbar
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com