| | | |
|---|---|---|
| STATE OF LOUISIANA, | * | CIVIL ACTION NO. 2:20-cv-1949 (F3) |
| | * | |
| | * | |
| JOHN B. OHLE, III, JOHN WAGNER, and | * | |
| KENNSINGTON CAPITAL ADVISORS, LLC | * | |
| **Plaintiffs,** | * | **JUDGE MARTIN L.C. FELDMAN** |
| | * | |
| **VERSUS** | * | |
| | * | |
| CHELSEY RICHARD NAPOLEON, IN HER | * | |
| CAPACITY AS CLERK OF COURT FOR THE | * | **MAGISTRATE JUDGE** |
| CIVIL DISTRICT COURT, FOR THE PARISH | * | |
| OF ORLEANS, STATE OF LOUISIANA | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIRMATIVE DEFENSES AND ANSWER TO COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Chelsey Richard Napoleon, in her capacity as Clerk of Court for the Civil District Court, for the Parish of Orleans, State of Louisiana (hereinafter "the Clerk"), pursuant to Federal Rule of Civil Procedure 12, without admission of the legal sufficiency thereof and responding only to the factual allegations therein, states as follows for her Answer and Defenses to the Plaintiffs, John B. Ohle, III, John Wagner, And Kennsington Capital Advisors, LLC, (hereinafter collectively referred to as "Plaintiffs" or "Ohle"), states:

## AFFIRMATIVE DEFENSES

Without waiving or assuming the burden of proof or persuasion where such burden properly rests with Plaintiffs, and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual development establish a basis

therefor, the Clerk hereby asserts the following defenses to the claims asserted in the Plaintiff's Complaint.

### First Affirmative Defense
### (Immunity)

1) The Clerk of Court is entitled to qualified immunity. Defendant is immune from suit based on the doctrine of qualified immunity, as "their conduct did not violate clearly established statutory constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

2) The Louisiana legislature has expressly granted district clerks of court absolute immunity for any action taken pursuant to the written order of a Judge. La. R.S. 13:760 provides that "No clerk of court and no deputy of such officer who performs any act or issues any order in conformity with the written order or judgment of any judge of a court in this state shall be liable in either his individual or official capacity to any person, firm, or corporation for any damage as the result of such action. This exemption from liability shall extend to any surety or liability insurance carrier of such officer. Only prospective remedies may be available.

3) The Clerk is obligated to collect all fees under state law. To the extent that any statute, ordinance or judicial order, directive or instruction is declared to violate the Louisiana State Constitution, the Clerk is immune from liability.

4) The Clerk admits that the Clerk of Civil District Court for the Parish of Orleans is a political subdivision of the State of Louisiana. Plaintiffs fail to state any cause of action lying in federal law. *La. R.S. § 13:5106* provides that "No **suit** against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court". Therefore, this case should be dismissed.

**Second Affirmative Defense**
**(Prematurity)**

The claims of the Plaintiffs and the purported class whose underlying state court suit is ongoing is premature. The Clerk of Court is entitled to collect advance costs and an accounting is not required until the Clerk receives notice of the completion of the action. LRS 13:842. Furthermore, Plaintiffs failed to employ all remedies available to them, as they only spoke with an intake clerk but never any superior, including the Clerk of Court. More importantly, they pursued no avenue to reduce costs or for clarification from the Judges who determine how pleadings are to be charged.

**Third Affirmative Defense**

**(Failure to Mitigate)**

Plaintiffs claim should be dismissed or diminished for failure to mitigate. In the event the court finds that the Plaintiffs have suffered damages as a result of some error or fault of the Clerk, their damages should be barred or limited for failure to mitigate. The Plaintiffs had a legal obligation to minimize the effects and losses resulting from the alleges actions of the Clerk. The Plaintiffs breach of their duty to mitigate should result in the denial of recovery of obvious damages that could have been reasonably avoided. The Plaintiffs could have sought relief from the Judges that set the filing fees. Instead, Plaintiffs chose not to act before filing this action in federal court.

**Fourth Affirmative Defense**
**(Failure to State a Claim)**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted against the Defendant and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As more fully described in the memorandum in support, Defendant merely complied with the order of the judges of Civil District Court that exceptions should be charged individually, which order is described in the memorandum attached hereto and made part hereof as Exhibit "A." Furthermore,

post deprivation remedies were available to Plaintiffs, for example, the motion attached hereto for demonstrative purposes and made part hereof as Exhibit "B."

**Fifth Affirmative Defense**
**(Failure of Condition)**

Plaintiffs' due process, equal protection and access to courts claims are barred by the failure of a condition.

a. In order to prove due process rights were violated, Plaintiffs must show "that [they have] asserted a recognized ***liberty or property interest*** within purview of Fourteenth Amendment and that [they were] ***intentionally or recklessly deprived*** of that interest, even temporarily, under color of state law." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir.1994).

b. The Courts have held that an equal protection inquiry may be conducted only 'if the challenged government action classifies or distinguishes between two or more relevant groups.' "). *Woodard v. Andru.* Plaintiffs have made no assertion that the Clerk classified or distinguished between two or more relevant groups. In fact, Plaintiffs' Complaint specifically avers that the Clerk subjected all parties to the same fee schedule and practices.

c. The Clerk at all time acted reasonably in relying on the distinction for differing types of exceptions made by the Judges in the fee schedule. The Clerk cannot be held liable for following the directive of the Judges sitting *en banc* who are statutorily charged with setting the court fees for the Orleans Parish Civil District Court.

d. The "Civil Filing Fee Schedule" attached to Plaintiffs' Complaint sets forth a specific filing fee for "All dispositive motions or exceptions at $94.00. In establishing the civil filing fees, the Judges distinguished between dispositive exceptions and "other" exceptions. The same "Civil Filing Fee Schedule" sets the fee for non-dispositive exceptions at $47.00. Clearly, the intent of the Judges sitting *en banc* was not to allow for an omnibus filing of

exceptions but to charge a specific amount for each exception filed and a different amount for dispositive versus "other" exceptions.

e. Plaintiffs Complaint also falls short of stating a claim for the denial of right of access to courts. At no time do Plaintiffs suggest that the Clerk's actions delayed their ability or deprived them of their right to avail themselves of the legal process. See *Adams v. Airco Welding Products* Co., 739 So.2d 375 (1999). At all times, Plaintiffs could have filed an application to file in forma pauperis or they could have filed some other motion with the Judges sitting *en banc* who were charged with setting civil filing fees.

### Sixth Affirmative Defense
### (Exception to Class Action Jurisdiction)
### (Citizens of the same state defeat diversity)
### (Local Issue in Controversy)

Should this Court find that the Plaintiff has failed to state a viable cause of action based on a federal question under 28 USCS §1331, this Court should dismiss this action based upon said failure. Further, the Court should decline jurisdiction based upon <u>28 USCS § 1332</u> (4), which provides in pertinent part that:

A district court shall decline to exercise jurisdiction under paragraph (2)(A)(i) over a class action in which:
(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
(II) at least 1 defendant is a defendant—
(aa) from whom significant relief is sought by members of the plaintiff class;
(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
(cc) who is a citizen of the State in which the action was originally filed; and
(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

Although CAFA grants federal courts original jurisdiction where there is diversity of citizenship between plaintiff and defendant, the above-reference exception for class action where between one and two-thirds of the proposed class are citizens of the same state as the main defendant precludes jurisdiction.

Moreover, Plaintiffs bring an action challenging the fees charged by the Orleans Parish Clerk of Court, alleging that they represent a class of individuals who filed litigation in Orleans Parish over the last three years. The over-whelming majority of the proposed class members reside in Orleans Parish and Louisiana. 28 U.S.C. § 1332 (d)(3).

The Complaint attempts to address a purely local issue. The fees set by the Judges sitting en banc in the Orleans Parish Civil District Court and the Orleans Parish Clerk of Court's application of those fees. This is a purely local issue, which involves a local controversy. 28 U.S.C. §1332 (d)(4)(A). Based upon the foregoing, this Court should decline jurisdiction.

### Seventh Affirmative Defense
### (Failure to Mitigate)

Plaintiff's claims are barred to the extent that they failed to take reasonable care to avoid, minimize, or mitigate their alleged damages. Plaintiffs failed to take reasonable steps to protect themselves from the damage, if any, alleged in the Complaint and failed to mitigate any such alleged damage.

### Eighth Affirmative Defense
### (Speculative Damages)

Plaintiffs' alleged damages, if any, are speculative or uncertain and therefore not compensable.

### Ninth Affirmative Defense
### (Failure to Name an Indispensable Party)

To the extent that any monies collected under the Judicial Expense Fund, State Treasury, or other agencies, fees have been delivered to the Court and to the State and other agencies, therefore, those entities and agencies are indispensable under FRCP 19 and must be joined.

### Tenth Affirmative Defense
### (Plaintiff's Not Entitled to Injunction)

The Louisiana legislature mandates the clerk of court to perform certain ministerial duties, which include the duty to collect filing fees from parties. The legislature also requires parties to pay said fees. [1] Plaintiff's request for preliminary and permanent injunctive relief and equitable relief to enjoin the Clerk from exercising her ministerial duties and to avoid statutorily mandated obligations without establishing the unconstitutionality of same is contrary to law. In reversing a decision to enjoin clerk of court, Louisiana Supreme Court, stated that Courts will never declare a solemn act of the Legislature void unless its unconstitutionality is established beyond all reasonable doubt. *Edwards v. Dupuy*, 21 La. Ann. 694, 694 (1869).

### <u>RESERVATION OF RIGHTS</u>

Defendant, Chelsey Richard Napoleon, reserves the right to add those affirmative and other defenses that they deem necessary to their defense during or upon the conclusion of discovery.

---

[1] *La. R.S. § 13:1214*, provides that "Either party in any cause requiring the official services of the clerk ***shall*** pay the costs therefor, and shall be entitled to recover the amount thereof from the other party, on the final termination of the cause, if the costs are decreed in his favor.

# ANSWER

Defendant Chelsey Richard Napoleon, in her capacity as Clerk of Court for the Civil District Court, for the Parish of Orleans, State of Louisiana (hereinafter "the Clerk"), by and through her counsel, Broussard Baloney Law Firm, APC, pursuant to Federal Rule of Civil Procedure 12, without admission of the legal sufficiency thereof and responding only to the factual allegations therein, states as follows for her Answer and Defenses to the Plaintiffs, John B. Ohle, III, John Wagner, And Kennsington Capital Advisors, LLC, (hereinafter collectively "Ohle"):

## JURISDICTION

### 1.

Answering the allegations of Paragraph I, the averments in the paragraph do not constitute statements of fact upon which the pleaders rely in stating their cause of action but rather statements of the nature of jurisdiction which Defendant can make no factual reply thereto.

Because the Defendant denies that the Plaintiffs have a cause of action based upon a federal question (28 U.S.C. § 1331) and denies that there exists a case of actual controversy within the jurisdiction of this court (28 U.S.C. § 2201), Defendant respectfully denies that the Plaintiffs have properly invoked the jurisdiction of the Court.

### 2.

Answering the allegations of Paragraph II, the averments in the paragraph do not constitute statements of fact upon which the pleaders rely in stating their cause of action but rather statements of the nature of venue which Defendant can make no factual reply thereto. Nevertheless, the Defendant denies that the Plaintiffs have properly invoked the jurisdiction of the Court.

3.

Answering the allegations of Paragraph III, Defendant denies the allegation that the Clerk's office unlawfully and unconstitutionally charged multiple filing fees and leaves Plaintiffs to their strict proofs.

**<u>PLAINTIFFS</u>**

4.

Answering the allegations of Paragraph IV, Defendant states that the averments, statements and allegations in Paragraph IV do not constitute statements of fact upon which the pleaders rely in stating their cause of action but are rather statements of the nature of Plaintiff's status in a civil proceeding which Plaintiffs for the most part alleges is the basis for this Complaint. Defendant can make no factual reply under the applicable rules of pleading. Nevertheless, Defendant denies any and all of the allegations contained in Paragraph VI, particularly those allegations that include either by reference or by statement, factual allegations. Defendant reserves the right to motion the Court pursuant to the Federal Rules to strike all of Plaintiffs' Paragraph VI based on its non-conformity with the applicable Federal Rules of pleading.

5.

Answering the allegations of Paragraph V, Defendant denies the allegations in this paragraph V. Specifically, Defendant denies that Plaintiffs are adequate representatives of the class for lack of sufficient information to justify a belief therein. Additionally, Defendant denies charging the Plaintiff multiple filing fees.

## **DEFENDANTS**

### 6.

Answering the allegations of Paragraph VI, Defendant admits that she is the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, acting at all times in her official capacity as Clerk of Court.

### 7.

Answering the allegations of Paragraph VII, Defendant denies the allegation that she is a political officer of Orleans Parish. Defendant is an elected official. The Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana is a political subdivision of the State of Louisiana.

### 8.

Answering the allegations of Paragraphs VIII, Defendant admits that she is an elected official and that the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana is a political subdivision of the State of Louisiana.

### 9.

Answering the allegations of Paragraph IX, Defendant denies the allegations in paragraph IX. Specifically, Defendant denies the allegations in Plaintiff's Complaint and further denies that the Plaintiffs suffered any injuries and damages.

## **CLASS ACTION**

### 10.

Answering the allegations of Paragraph X, XI, XII, XIII, XIV, and XV, Defendant admits that plaintiff purports to seek to represent a class of individuals of the stated description, states that no response to the allegations of these paragraph is necessary as they consist solely of legal

conclusions, and otherwise denies the allegations of these paragraphs, leaving plaintiff to their strict proof.

11.

Answering the allegations of Paragraph XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, and XXIX, Defendant denies the allegations in these paragraphs for lack of sufficient information to justify a belief therein.

## **PLAINTIFFS' STATEMENT OF THE CASE**

12.

Answering the allegation of Paragraph XXX, Defendant denies the allegations of this paragraph.

13.

Answering the allegation of Paragraph XXXI, Defendant denies the allegations of this paragraph.

14.

Answering the allegation of Paragraph XXXII, Defendant denies the allegations of this paragraph.

15.

Answering the allegation of Paragraph XXXIII, Defendant DENIES that La. R.S. 13:1213 sets the filing fees to be charged by the office of the Orleans Parish Clerk of Court. Defendant avers that R.S. 13:1213.1 provides an exception to La. R.S. 13:1213. Defendant ADMITS that La. R.S. 13:1213.1 provides that it is the "Judges of Civil District Court sitting *en banc*" that set the filing fees complained of in Plaintiffs' Complaint.

16.

Answering the allegation of Paragraph XXXIV, Defendant denies that charging or assessing filing fees amounts to a property deprivation sufficient to invoke the due process clause. Further Defendant DENIES the remaining allegation of Paragraph XXXIV. Specifically, Defendant avers that all filing fees imposed by the Judges sitting *en banc* are regularly published, thereby giving **ALL** litigants fair notice of the required fees and fair opportunity to contest said fees.

17.

Answering the allegation of Paragraph XXXV, Defendant denies the allegations of this paragraph. Further, in an abundance of caution, Defendant DENIES the remaining allegation of Paragraph XXXV.

18.

Answering the allegation of Paragraph XXXVI, Defendant DENIES the allegations of this paragraph.

19.

Answering the allegation of Paragraph XXXVII, Defendant denies the allegations of this paragraph for lack of sufficient information to justify a belief therein.

20.

Answering the allegation of Paragraph XXXVIII, Defendant DENIES the allegations of this paragraph. Specifically, Defendant notes that, Plaintiffs' allegations notwithstanding, the Clerk filed Plaintiffs' exceptions, irrespective of payment.

21.

Answering the allegation of Paragraph XXXIX, Defendant denies the allegations of this paragraph.

22.

Answering the allegation of Paragraph XL, Defendant DENIES the allegations of this paragraph.

23.

Answering the allegation of Paragraph XLI, Defendant DENIES the allegations of this paragraph.

24.

Answering the allegation of Paragraph XLII, Defendant DENIES the allegations of this paragraph.

25.

Answering the allegation of Paragraph XLIII, Defendant DENIES the allegations of this paragraph.

26.

Answering the allegation of Paragraph XLIV, Defendant DENIES the allegations of this paragraph.

27.

Answering the allegation of Paragraph XLV, Defendant DENIES the allegations of this paragraph.

28.

Answering the allegation of Paragraph XLVI, Defendant DENIES the allegations of this paragraph.

29.

Answering the allegation of Paragraph XLVII, Defendant DENIES the allegations of this paragraph.

30.

Answering the allegation of Paragraph XLVIII, Defendant DENIES the allegations of this paragraph.

31.

Answering the allegation of Paragraph XLIX, Defendant DENIES the allegations of this paragraph. Specifically, Defendant answers each subsection as follows

a. Denied for lack of sufficient information to justify a belief therein;

b. Denied. The Judges sitting *en banc* set the filing fees for specific exceptions. $94 for dispositive exceptions and $47 for other exceptions. In setting the fee for each exception, the Judges did not expressly waive the fee for subsequent exceptions filed within a single pleading.

c. Denied. The Rules of Civil District Court provide that "a schedule of filing fees shall be maintained by the clerk of court and shall be furnished to the public upon request." Rule 5, Section 1. In accordance with this statutory authority, the Clerk of Civil District Court published a schedule of costs, including the payment of filing fees, which was authorized by the judges of Civil District Court. At all pertinent times hereto, the Filing Fee Schedule maintained by the Clerk of Court provided that:

1. "THE FOLLOWING COSTS SHALL BE PAID TO THE CLERK OF COURT AT THE TIME OF FILING OF THE PLEADINGS SPECIFIED. IN ALL INSTANCES, THE AMOUNT PROVIDED FOR IS NOT A DEPOSIT, BUT IS A NON-REFUNDABLE FILING FEE"

2. "All dispositive motions or exceptions (domestic matters excepted)- Filing Fee $94.00"

3. All other motions and exceptions (domestic matters excepted)- Filing Fee 47.00"

The Civil Filing Fee Schedule sets the filing fee for each individual exception filed; specifically delineating the exceptions by type or category (i.e. "dispositive" versus all "other") and setting a fee for each type or category of exception. The plain language of the published fee establishes a fee for each exception.

d. Neither admitted nor denied. Correspondence from the Clerk of Court's office is self-explanatory.

e. Denied for lack of sufficient information to justify a belief therein;

f. Denied for lack of sufficient information to justify a belief therein;

g. Denied for lack of sufficient information to justify a belief therein;

h. Denied;

i. Denied for lack of sufficient information to justify a belief therein. Specifically, *Adams v. Airco Welding Products Co*., is factually distinguishable from the case at bar. Defendant relies on a case that dealt with multiple claims within one lawsuit. In that case, the clerk charged a separate fee for each claim. The Court in *Adams* noted that there was no evidence of express authorization to charge a separate answer fee for each claim asserted where there was no clear directive from the Judges. In the instant case, the Judges sitting *en banc*, established clear fees- "all dispositive exceptions- $94.00. The plain language supports a fee of $94 for all dispositive exceptions. If a pleading contains multiple exceptions, the plain language of the schedule authorizes a $94 charge for each exception that is dispositive and $47 for all other exceptions.

33.

Answering the allegation of Paragraph LI, Defendant DENIES the allegations of this paragraph. *Baily v. Borden* is factually distinguishable from the case at bar. This case does not involve the Clerk applying multipliers against the standard fee. The standard fee as published in the fee schedule is $94 for each dispositive exception.

34.

Answering the allegation of Paragraph LII, Defendant DENIES the allegations of this paragraph. This Clerk has not charged multiple fees. Plaintiffs due process rights have not been violated. It is undisputed that the Clerk published the fee schedule in accordance with local rule Rule 5, Section 1. Moreover, it is well-settled that "intentional deprivation of property by the state could not violate due process under U.S. Const. amend. XIV if a post-deprivation remedy was available". *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194 (1984). In that case, the Court concluded that several state law remedies were available to respondent to provide adequate compensation for his loss. Similarly, in the instant case, state law remedies are available to the plaintiffs. In this case, there was no taking. Plaintiff voluntarily paid filing fees based upon a known and published fee schedule set by the Judges. The plaintiff could have petition the Judge's sitting e*n banc* for a waiver of said fees for a declaration of how the fee schedule was intended to be applied. They chose not to. Because a remedy was available and there was no taking, Plaintiff's have failed to state a cause of action under the due process clause of the U.S. Constitution.

## CAUSE OF ACTION:  DECLARATORY JUDGMENT

35.

Defendant admits that plaintiff seeks declaratory judgment. Defendant denies all other allegations contained in Paragraphs LIII. Defendant denies that she in her capacity as Orleans

Parish Clerk of Civil District Court charges and collects multiple filing fees for a single document without notice.

36.

Answering the allegation of Paragraph LIV, Defendant DENIES the allegations of this paragraph. Defendant DENIES that she in her capacity as Orleans Parish Clerk of Civil District Court charges and collected multiple filing fees for a single document without notice. Defendant further specifically DENIES that Plaintiffs rights as secured by the Constitution and 42 U.S.C. §§ 1983 have been violated.

## CAUSE OF ACTION:  PERMANENT INJUNCTION

37.

Answering the allegation of Paragraph LV, Defendant DENIES the allegations of this paragraph.

38.

Answering the allegation of Paragraph LVI, Defendant DENIES the allegations of this paragraph.

39.

Answering the allegation of Paragraph LVII, Defendant DENIES the allegations of this paragraph.  Defendant denies that she and all those acting in concert with her or at her direction ever engaged in any policy or practice which resulted in assessing court costs without adequate Due Process notice.  As plaintiffs have adequately pleaded, the Clerk's office regularly and routinely publishes the "Civil Filing Fee Schedule".  It is noteworthy that the Plaintiff attached the Clerk's "Civil Filing Fee Schedule as Exhibit "A" to Plaintiff's Complaint.

## CAUSE OF ACTION:  VIOLATION OF UNITED STATES CONSTITUTION 14TH AMENDMENT (28 U.S.C. § 1983)

### 40.

Answering the allegation of Paragraph LVIII, Defendant neither admits or denies the allegations of this paragraph.  The allegations in Paragraph LVII is a citation the law, to which no answer is required. To the extent an answer is required, Defendant denies that the Clerk violated the United States Constitution, the14th Amendment, specifically, 28 U.S.C. § 1983.

### 41.

Answering the allegations of Paragraph LIX, Defendant denies the allegation that the Clerk's office unlawfully and unconstitutionally charged Plaintiffs or the alleged putative class multiple filing fees for the filing of a single document without notice in accordance with the United States Constitution, the14th Amendment, specifically, 28 U.S.C. § 1983, and leaves Plaintiffs to their strict proofs.

### 42.

Answering the allegations of Paragraph LX, Defendant denies the allegation that her office unlawfully demands multiple fees for the filing of a single responsive pleading.  The defendant further denies that all remaining allegations of Paragraph LX.

### 43.

Answering the allegation of Paragraph LXI, Defendant DENIES the allegations of this paragraph.

### 44.

Answering the allegations of Paragraph LXII, Defendant DENIES the allegations of this paragraph.  The relevant statute specifically authorizes the Judges sitting *en banc* to set filing fees.  The Clerk in our case, is ***not*** the ultimate policy maker.  The Clerk is merely performing court

ordered ministerial functions- implementing policy, collecting fees set by the Judges, as she understands the policy. In summary, the Orleans Parish Clerk of Court is merely the branch of the Civil District Court that enforcing what the judges have set. Therefore, her actions do not deviate from any statute.

45.

Answering the allegations of Paragraph LXIII, Defendant DENIES the allegations of this paragraph. The "exceptions" complained of in Plaintiffs complaint were, in fact, filed despite Plaintiffs failure to pay the court ordered filing fees.

46.

Answering the allegations of Paragraph LXIV, Defendant denies the Plaintiffs' repetitive allegations. Specifically, the Clerk provides a mechanism for individuals who are not able to pay the cost of prosecuting or defending a case pursuant to La. C.C.P. Art. 5181, which provides that "an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor".

Additionally, as a convenience to the public, the Clerk provides a Forma Pauperis Application Form to facilitate the filing of a request to proceed without first paying court cost and filing fees. Finally, a dispute over payment can be resolved by speaking directly with the Clerk as opposed to her employees and/or moving the Judges, who set fees, to order how the fees are to be collected— none of which was done in this case.

47.

Answering the allegations of Paragraph LXV, Defendant DENIES the Plaintiffs' allegations.

48.

Answering the allegations of Paragraph LXVI, Defendant denies the Plaintiffs' repetitive allegations. On its face, Plaintiffs seem to be attempting to carve out an Equal Protection Claim where none exists. Plaintiffs have failed to set forth any allegations to support a claim that the Clerk selectively enforced the application of the fees set by the Judges sitting *en banc* based upon any impermissible ground. U.S.C.A. Const.Amend. 14. LSA-R.S. 13:841 does not apply to the Clerk of Court for the Parish of Orleans. Among the duties specifically delegated to district clerks, ***except* for district clerks in Orleans Parish**, is the authority to demand and receive certain enumerated fees in civil matters. LSA-R.S. 13:841. Plaintiffs have failed to recognized that the Clerk of Court for Orleans Parish does not set the fees to be collected in civil matters or that the Clerk in this case is not the ultimate policy maker. The Clerk is merely implementing policy set by the Judges sitting *en banc*- she is simply enforcing what the judges have set. Therefore, the Clerk is not the State actor for Equal Protection and Due Process purposes.

49.

Answering the allegations of Paragraph LXVII, Defendant denies the Plaintiffs' repetitive allegations. See Defendant's responses in Paragraph 48, above.

50.

Answering the allegations of Paragraph LXVIII, Defendant denies the Plaintiffs' repetitive allegations. See Defendant's responses in Paragraph 48, above.

51.

Answering the allegations of Paragraph LXIX, Defendant denies the Plaintiffs' repetitive allegations. See Defendant's responses in Paragraph 48, above.

52.

Answering the allegations of Paragraph LXX, Defendant denies the Plaintiffs' repetitive allegations. See Defendant's responses in Paragraph 48, above.

53.

Answering the allegations of Paragraph LXXI, Defendant denies the Plaintiffs' repetitive allegations.

54.

Answering the allegations of Paragraph LXXII, Defendant denies the allegation that the Clerk's office unlawfully and unconstitutionally charged multiple filing fees and/or failed to provide alleged class members adequate notice of filing fees. Defendant leaves Plaintiffs to their strict proofs.

55.

Answering the allegations of Paragraph LXXIII, Defendant denies the allegation that the Clerk's office unlawfully and unconstitutionally charged, collected or converted fees to the use of her office. Defendant denies that she breached her fiduciary duty to the plaintiff and alleged class members. Defendant leaves Plaintiffs to their strict proofs.

## CAUSE OF ACTION: VIOLATION OF LOUISIANA CONSTITUTION ARTICLE 11, SECTION 2

56.

Answer to Paragraph LXXIV, Defendant states that the allegations of Paragraph LXXIV constitute a statement of law and/or legal conclusions to which Defendant can make no factual reply under the applicable rules of pleading. To the extent the allegations of Paragraph LXXIV seek to paraphrase or characterize the contents of a written document, the document speaks for

itself and Defendant denies the allegations to the extent that they are inconsistent with that document, which Defendant specifically avers are inapplicable to the case at bar.

57.

Answering the allegations of Paragraph LXXV, Defendant denies the Plaintiffs' repetitive allegations. Defendant leaves Plaintiffs to their strict proofs.

58.

Answering the allegations of Paragraph LXXVI, Defendant denies the Plaintiffs' repetitive allegations. Moreover, the fees complained of are not set by legislature but by the Judges sitting *en banc* in the Orleans Parish Civil District Court. Plaintiffs' complaint is without merit.

## **DAMAGES**

59.

Answering the allegations of Paragraph LXXVII, Defendant denies the Plaintiffs' repetitive allegations. Defendant leaves Plaintiffs to their strict proofs.

60.

Answering the allegations of Paragraph LXXVIII, Defendant admits that Plaintiffs seek damages and a permanent injunction, though Defendant makes no admission as to the propriety of the manner in which Plaintiffs seek that relief or the relief itself. Defendant DENIES all other allegations contained in Paragraph LXXVIII. Defendant specifically denies that she in her capacity as Orleans Parish Clerk of Civil District Court charges and collects multiple filing fees for a single document without notice or that she usurped any legislative function. Defendant leaves Plaintiffs to their strict proofs.

61.

Answering the allegations of Paragraph LXXIX, Defendant denies the Plaintiffs' repetitive allegations. Defendant denies plaintiffs are entitled to reimbursement of any fess and/or charges, therefore, Defendant leaves Plaintiffs to their strict proofs.

62.

Answering the allegations of Paragraph LXXX, Defendant DENIES the Plaintiffs' allegations. Defendant leaves Plaintiffs to their strict proofs.

63.

Answering the allegations of Paragraph LXXXI, Defendant denies the Plaintiffs' repetitive allegations. Defendant denies plaintiffs are entitled to reimbursement of any fess and/or charges, therefore, Defendant leaves Plaintiffs to their strict proofs.

64.

Answering the allegations of Paragraph LXXXII are factual conclusions based upon pure speculations and as such no answer is required. There is no evidence that the members of the purported class have paid fees of which Plaintiff complains. To the extent that an answer is required, Defendant DENIES the Plaintiffs' allegations.

65.

Answering allegations in Paragraph LXXXIII conclusory statements to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph LXXXV.

66.

Answering allegations in Paragraph LXXXIV conclusory statements to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph LXXXVI.

67.

The allegations in Paragraph LXXXV are conclusory statements to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph LXXXV.

68.

The allegations in Paragraph LXXXVI are conclusory statements to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph LXXXVI.

## PLAINTIFFS' PRAYER

69.

Defendant denies that Plaintiffs are entitled to any recovery whatsoever. Defendant further states that Plaintiffs are not entitled to injunctive or equitable relief, including recognition or certification of a class or appointment as interim class counsel.

**W**HEREFORE, Defendant, Chelsey Richard Napoleon, in her official capacity as Clerk of Court for the Civil District Court of Orleans Parish prays that this answer be deemed good and sufficient, and after due proceedings that the Complaint of John B. Ohle, III, John W. Wagner, and Kennsington Capital Advisors, LCC be dismissed at Plaintiffs' cost with prejudice, and that

judgment be entered for Defendant; that Defendant be awarded their costs of suit and attorneys' fees; and that the Court grant such further relief as the Court may deem just and proper.

Respectfully submitted,

*s/Geri Broussard Baloney*
Geri Broussard Baloney, T.A. (La. Bar #24012)
Abril Baloney Sutherland, (La. Bar #29028)
Jose Carlos Mendez (La. Bar #32591)
BROUSSARD BALONEY LAW FIRM, APLC
3852 Napoleon Avenue
New Orleans, Louisiana 70125
Tel: (504) 332-2889
gbroussard@bblf.com
**Counsel for Chelsey Richard Napoleon**
**In her capacity as Clerk of Court for the Civil**
**District Court for the Parish of Orleans**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 24, 2020, I served the foregoing on all counsel of record by filing the pleading with the court's electronic court filing (ECF) system, which automatically notifies all counsel of record.

s/Geri Broussard Baloney
Geri Broussard Baloney