UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN B OHLE, III, ET AL.                CIVIL ACTION

v.                                      NO. 20-1949

CHELSEY RICHARD NAPOLEON, *in her capacity*    SECTION "F"
*as Clerk of Court in and for the*
*Civil District Court, Parish of Orleans,*
*State of Louisiana*

ORDER AND REASONS

The plaintiffs in this putative class action have sued the defendant Chelsey Richard Napoleon (in her official capacity as Clerk of Court in and for the Civil District Court of Orleans Parish) under 42 U.S.C. § 1983.

Before the Court is the defendant's motion to dismiss.  For the reasons that follow, the motion is GRANTED.

**Background**

The plaintiffs are defendants in a case pending in the Orleans Parish Civil District Court.[1]  On February 28, 2020, the plaintiffs filed four exceptions in a single transaction in that case.  For that transaction, they paid a single filing fee of $94.00.  On March 5, 2020, the defendant here (the Clerk of Court of the Civil

---

[1]     See Booth & Booth APLC v. Ohle et al., No. 2019-11185 "C-10".

District Court of Orleans Parish, hereinafter, the "Clerk") informed the plaintiffs that they would be required to pay separate filing fees for each of the four exceptions contained within their February 28, 2020 filing. Believing the Clerk's demand to be unlawful, the plaintiffs refused to do so. In response to the plaintiffs' violation of her office's protocols, the Clerk has refused to process the plaintiffs' exceptions. As a result of the Clerk's refusal to docket and forward the plaintiffs' exceptions to the presiding judge, the court entered preliminary default against the plaintiffs (defendants there) – with the Clerk's administrative blessing. To date, the plaintiffs persist in their refusal to pay the filing fees they deem unlawful and unconstitutional, and the Clerk persists in her corresponding refusal to docket the plaintiffs' "unpaid exceptions" for the presiding judge's attention.

In a distinctly American fashion, the plaintiffs have responded by taking the Clerk to federal court (on behalf of both themselves and scores of other similarly situated litigants). Alleging that the Clerk has violated their constitutional rights to due process and access to courts, the plaintiffs seek damages under 42 U.S.C. § 1983, as well as declaratory and injunctive relief. The plaintiffs also charge the Clerk with violating the Louisiana state constitution.

The Clerk now moves to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

I.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions. Thompson v. City of Waco, 764 F.3d 500, 502 (5th Cir. 2014).

The foregoing presumptions are not to be applied mindlessly, however. Thus, in considering a motion to dismiss, the Court may review any documents attached to or incorporated into the plaintiff's complaint by reference. Causey v. Sewell Cadillac-

3

Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004).  In addition, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute.  See United States *ex rel.* Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

B.

42 U.S.C. § 1983 supplies a private right of action for the redress of violations of federal constitutional or statutory rights under color of state law.  Specifically, it provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v. Cole, 504 U.S. 158, 161 (1992).  Because § 1983 merely provides a vehicle for the vindication of *substantive* federal rights, "an underlying constitutional or statutory violation is a predicate to liability under § 1983." Johnston v. Harris Cty. Flood Control Dist., 869 F.2d 1565, 1574 (5th Cir. 1989).  Thus, to state a claim for § 1983 liability, a plaintiff must plausibly allege that "(1) a deprivation of a right secured by federal law (2) [] occurred under color of state law,

4

and (3) was caused by a state actor." Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004).

C.

The plaintiffs allege that the Clerk has deprived them of their Fourteenth Amendment rights to due process and access to courts by charging multiple filing fees for their filing of a single document containing multiple exceptions. See, e.g., Compl., ¶ 13 ("The Clerk overcharged Plaintiffs and members of the class by charging multiple filing fees and/or denying access to the court, and failing to give either pre-deprivation or post-deprivation notice as required by the Due Process Clause of the Fourteenth Amendment . . . ."). They further allege that the Clerk's enforcement of this policy is her "established custom and practice." See id. ¶ 59. And, they allege that the Clerk's advancement of this policy is unlawful and constitutionally problematic in a multitude of ways. See, e.g., id. ¶¶ 60–73.

The plaintiffs fail to state a claim upon which relief can be granted.

**1. The Plaintiffs' Due Process Claims**

On the plaintiffs' claims that the Clerk has violated their constitutional rights to due process, the Fifth Circuit's consideration of a similar § 1983 filing-fees challenge in Woodard v. Andrus is particularly instructive. See 419 F.3d 348 (5th Cir. 2005). There, the Fifth Circuit found that the plaintiff *had*

5

stated a valid Fourteenth Amendment due process claim against the Clerk of Court for the Civil District Court of Calcasieu Parish – a peer official of the Clerk here.  However, none of the factors that supported that finding are present in this case.  In fact, in many ways, this case marks the polar opposite of Woodard.

First, where in Woodard the defendant clerk of court was "the final authority and ultimate repository of the municipality's power on matters related to fees charged in connection to civil litigation," the Clerk here is merely an administrator carrying out the directives of a higher authority – the judges of the Orleans Parish Civil District Court sitting en banc.[2]  See LA. REV. STAT. § 13:1213.1; Woodard, 419 F.3d at 352.

Second, where in Woodard the defendant clerk of court "systematically charged and collected . . . fees in excess of, or not authorized by state statute," the Clerk here has charged fees in accordance with the clearly articulated fee schedule enacted by

---

[2]   Why the special treatment for this defendant?  Because the Clerk here is the district clerk in *Orleans* Parish, which is treated uniquely under the pertinent provisions of Louisiana law. See Woodard, 419 F.3d at 352 ("Under Louisiana law, the Clerk of Courts are 'ex officio notary public and parish recorder of conveyances, mortgages,' and are responsible for 'other acts and shall have other duties and powers provided by law.  Among the duties specifically delegated to district clerks, *except for district clerks in Orleans Parish*, is the authority to demand and receive certain enumerated fees in civil matters." (emphasis added) (first quoting LA. CONST. art. 5, § 28; then quoting LA. REV. STAT. § 13:841)).  Accordingly, unlike the civil district clerks in every other parish in Louisiana, the Clerk here is not a policymaker with respect to filing fees.

6

the en banc judges. See id. at 352–53. Indeed, as the Clerk notes in her motion to dismiss, the court's policy of charging multiple fees for multiple exceptions is clear on the face of the schedule, *which the plaintiffs' have attached to their complaint*. See Compl., Ex. A (the court's "Civil Fee Filing Schedule," requiring a $94 fee for "dispositive motions or exceptions" and a $47 fee for "[a]ll other motions and exceptions"). The Clerk is correct. Simply put, there is no way to reconcile the court's published fee schedule with the plaintiffs' argument that "the Clerk has confiscated [their single] filing fee without notice of the multiple fees and without notice that [the plaintiffs'] exceptions would not be forwarded to the district court judge" in the absence of their compliance. The plaintiffs' proposed reading would render the fee schedule absurd and ineffectual – indeed, why the need to set different fees for different exceptions if multiple exceptions could just be filed in a single transaction; and, if a litigant *were* to file a dispositive and a nondispositive exception in a single transaction, would the transaction cost $94 or $47? As such, as the fee schedule attached to the plaintiffs' complaint makes clear, while the Clerk in Woodard violated his applicable commands, the Clerk here has followed hers to a tee.

Third, where "the disputed fees [in Woodard] were drawn from a fund that [the complainant] was required to deposit with the court in advance and [had] already been *confiscated* by the Clerk

7

of Court," the disputed fees here are simply fees that the plaintiffs have refused to pay in light of their difference of opinion with the Clerk. See id. at 353–54. Far from confiscating the plaintiffs' money in an unlawful fashion, the Clerk has merely held fast to her *requirements* under the lawful directives of the en banc judges of her court. Louisiana law broadly empowers the en banc judges of the Orleans Parish Civil District Court to set filing fees; those judges have done so; and the Clerk, also in accordance with Louisiana law, has simply attempted to collect those fees in a lawful manner. Thus, this case is a far cry from Woodard.

Taken together, these significant factual distinctions compel a different result here. The plaintiffs' argument that the Clerk has charged them multiple filing fees without notice is both plainly incorrect and nothing like the Woodard plaintiff's valid constitutional claim. In Woodard, the defendant clerk set the fee-collection policies himself; here, the Clerk administers the fee-collection policies imposed by the en banc court. In Woodard, the defendant clerk charged fees in excess and *violation* of state law; here, the Clerk collects fees in accordance with the valid prescripts of her superiors, who have in turn enacted those prescripts in accordance with state law. In Woodard, the defendant clerk took funds from the plaintiff's account with impunity; here,

the Clerk has simply *asked* the plaintiffs to pay the fees they rightfully owe.

While one could conceivably challenge (albeit quixotically) the constitutionality of a state's collection of judicial filing fees *altogether*, the plaintiffs have not done so here.  Instead, they have asserted that the Clerk has violated their constitutional rights by doing exactly what she was required to do: namely, demanding the plaintiffs' payment of filing fees for each exception filed in a civil case proceeding in her court.  The Clerk's doing so has not deprived the plaintiffs "of a right secured by federal law," as there is no federal right to avoid paying valid state-imposed fees one would rather not pay.  See Larpenter, 369 F.3d at 482.  Thus, even when taking each of the plaintiffs' allegations as true, the plaintiffs have not stated a valid § 1983 claim for violations of the due process afforded them by the Fourteenth Amendment.

### 2. The Plaintiffs' Access to Court Claims

As an additional theory of § 1983 liability, the plaintiffs contend that the Clerk's refusal to docket their multiple exceptions results in a deprivation of their constitutionally protected right of access to the courts.  This theory fares no better than the plaintiffs' due process theory.

The Fifth Circuit has "characterized the right of access [to courts] . . . to be implicated where the ability to file suit was

9

delayed, or blocked altogether." See Foster v. City of Lake Jackson, 28 F.3d 425, 430 (5th Cir. 1994) (citation omitted). Here, nothing of the sort has occurred. Far from delaying or blocking altogether the plaintiffs' access to the courts, the Clerk has simply required the plaintiffs to pay their dues while *already in court*. It is simply not the case that a court denies a litigant's right of access to the courts any time it – and/or its lawful deputies – requires a litigant to comply with its valid policies. As should go without saying, the courts in this country have certain rules of the road that are obviously valid and constitutional when articulated openly and applied even-handedly. As legitimately as the Delaware Court of Chancery may reject briefs not bearing Times New Roman, Size 14 font, the Civil District Court of Orleans Parish may refuse to docket unpaid exceptions.

In presumable recognition of this reality, the plaintiffs' opposition on this point resorts to recasting the gravamen of their entire action: namely, "that the Clerk, while acting in her official capacity charged multiple filing fees contrary to law," "failed to give adequate notice of the multiple filing fees," "and denied Plaintiffs the right to access the court by withholding the Plaintiffs' exceptions." See Opp. at 9-10. As detailed above, those arguments are unavailing. See supra subsection I.C.1.

\*   \*   \*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must demonstrate, among other things, "a deprivation of a right secured by federal law." <u>Larpenter</u>, 369 F.3d at 482. The plaintiffs' complaint here satisfies the second half of this element, but not the first. Indeed, while the plaintiffs are certainly entitled to due process and access to the courts under the Fourteenth Amendment, their complaint does not allege that their rights to those privileges were in fact deprived in any cognizable way. To the contrary, the defendant Clerk has merely required the plaintiffs to comply with the valid dictates of a legitimate state policy that she had no part in enacting.

That policy, as it appears in Exhibit A to the plaintiffs' complaint, clearly contemplates that every exception filed in Orleans Parish Civil District Court carries its own filing fee. <u>See</u> <u>supra</u> subsection I.C.1. Thus, even assuming their truth, the plaintiffs' allegations fail to state a claim upon which relief can be granted.

Because their overarching § 1983 claims fall flat, the plaintiffs have likewise failed to meet their pleading burden with regard to their declaratory judgment and permanent injunction causes of action. Moreover, having dispensed with the plaintiffs' federal causes of action, the Court lacks subject matter jurisdiction to consider the plaintiffs' remaining state-law claims. <u>See</u> 28 U.S.C. § 1367 (reserving federal supplemental

11

jurisdiction to "civil action[s] of which the district courts have original jurisdiction"). This fact compels the Court's dismissal of such claims under Rule 12(b)(1).

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED. The plaintiffs' complaint is DISMISSED WITH PREJUDICE.[3]

New Orleans, Louisiana, October 28, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Although Rule 15(a)(2) provides that courts "should freely give leave [to amend the pleadings] when justice so requires," the Court finds that "justice [does *not*] so require[]" here, as any amendment of the plaintiffs' complaint is more likely to be frivolous than meritorious.